V. James DeSimone (SBN: 119668)
**Vjdesimone@gmail.com**
Carmen D. Sabater (SBN: 303546)
**Cds820@gmail.com**
Ryann E. Hall (SBN: 06080) Of-Counsel
**rhall@bohmlaw.com**
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.544.6880

Attorneys for PLAINTIFFS A.L. by and through her guardian ad litem MYISSHA LOWE, and DOROTHY LOWE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.L. by and through her guardian ad litem MYISSHA LOWE, and DOROTHY LOWE<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF HUNTINGTON PARK, a municipality; PAUL MUNOZ, an individual; JOSHUA VOLASGIS, an individual; and DOES 1-10, inclusive,<br><br>DEFENDANTS. | Case No:<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>1. **Unreasonable Seizure- Excessive Force (42 U.S.C. § 1983)**<br>2. **Deprivation of Life Without Due Process- Interference with Parent Child Relationship (42 U.S.C. § 1983)**<br>3. ***Monell* Liability (42 U.S.C. § 1983)**<br>4. **Wrongful Death (Cal. Civ. Proc. Code § 377.60)**<br>5. **Assault and Battery**<br>6. **Negligence**<br>7. **Violation of Bane Civil Rights Act (Civil Code § 52.1)**<br>8. **Failure to Furnish Medical Care (Cal. Gov. Code § 845.6)**<br><br>**DEMAND FOR JURY TRIAL** |

1

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*A.L. et al. V. City of Huntington Park e al.*                    V. James DeSimone Law
Case No.:                                                        Law Office of Annee Della Donna
                                                                 Dubin Law Firm

Anne Della Donna (SBN:138420)
annee@delladonnalaw.com
**LAW OFFICE OF ANNEE DELLA DONNA**
301 Forest Ave
Laguna Beach, California 92651
Telephone: 949.376.5730
Facsimile: 949.497.5627

Eric Dubin (SBN: 160563)
edubin@dubinlaw.com
**DUBIN LAW FIRM**
19200 Von Karman Ave 6th Floor
Irvine, California 92612
Telephone:  949.477.8040

///

///

///

2
**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*A.L. et al. V. City of Huntington Park e al.*
Case No.:
V. James DeSimone Law
Law Office of Annee Della Donna
Dubin Law Firm

PLAINTIFFS, A.L., by and through her guardian ad litem MYISSHA LOWE, daughter of the deceased and DOROTHY LOWE, mother of the deceased, ("PLAINTIFFS") bring this complaint against DEFENDANTS CITY OF HUNTINGTON PARK, PAUL MUNOZ, JOSHUA VOLASGIS and DOES 1-10 (hereinafter collectively DEFENDANTS), inclusive, and allege as follows:

## NATURE OF ACTION

On January 26, 2023, Defendants Huntington Park Police Department ("HPPD") officers PAUL MUNOZ, JOSHUA VOLASGIS, and possible other unknown officers shot and killed ANTHONY LOWE, a physically disabled man who was a double amputee and needed a wheelchair to ambulate. The officers shot LOWE eleven times causing his death. The use of deadly force was not unjustified as LOWE was not posing an imminent threat of death or serious injury to the officer or others at the time of the shooting. PLAINTIFF A.L. is LOWE's minor child and brings this suit in her individual capacity and as successor in interest. PLAINTIFF DOROTHY LOWE is LOWE's mother and brings this suit in her individual capacity. PLAINTIFFS bring this lawsuit pursuant to California state law and federal law.

## PARTIES AND THEIR AGENTS

1.      PLAINTIFF A.L. is the decedent ANTHONY LOWE's minor child and brings this claim through her guardian ad litem MYISSHA LOWE. A.L. brings the suit in her individual capacity and as successor in interest to ANTHONY LOWE.

2.      PLAINTIFF DOROTHY LOWE is the decedent's mother. D. LOWE brings this suit in her individual capacity.

3.      DEFENDANT CITY OF HUNTINGTON PARK ("CITY") is and was a duly organized public entity, existing as such under the laws of the State of California.  At all relevant times, CITY was the employer of DEFENDANT OFFICER PAUL MUNOZ and DEFENDANT OFFICER JOSHUA VOLGASGIS

1  and DOES 1-10, who were either CITY officers, or managerial, supervisorial, and

2  policymaking employees of the CITY police department are sued in their individual

3  capacity for damages only.

4      4.      At all relevant times, DEFENDANTS OFFICER MUNOZ and

5  OFFICER VOLGASIS and DOES 1-10 were duly authorized employees and agents

6  of the CITY, who were acting under color of law within the course and scope of

7  their respective duties as CITY police officers and with the complete authority and

8  ratification of their principal, DEFENDANT CITY.

9      5.      At all relevant times, DEFENDANTS OFFICER MUNOZ and

10  OFFICER VOLGASIS, and DEFENDANTS DOES 1-10 were duly appointed

11  CITY officers and/or employees or agents of the CITY, subject to oversight and

12  supervision by CITY's elected and non-elected officials.

13      6.      In doing the acts and failing and omitting to act as hereinafter

14  described, DEFENDANTS OFFICER MUNOZ and OFFICER VOLGASIS, and

15  DOES 1-10 were acting on the implied and actual permission and consent of CITY.

16      7.      DEFENDANTS OFFICER MUNOZ and OFFICER VOLGASIS

17  were, at all relevant times, the officers that fatally caused ANTHONY LOWE's

18  death while employed by the CITY.

19      8.      DOES 1-10 were each duly appointed, qualified and acting ranking

20  officers, officials and employees of the Huntington Park Police Department and

21  DEFENDANT CITY, also charged by law with the supervision, management,

22  control, operation, and administration of the Huntington Park Police Department

23  and CITY. Each DEFENDANT was acting within the course and scope of their said

24  employment and under the color of state law, and as the employee, agent and

25  representative of each other DEFENDANT.

26      9.      PLAINTIFFS are informed and believe and thereon allege that each of

27  the DEFENDANTS designated as a DOE are intentionally and negligently

28  responsible in some manner for the events and happenings herein referred to, and

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*                    V. James DeSimone Law
Case No.:                                                          Law Office of Annee Della Donna
                                                                   Dubin Law Firm

thereby proximately caused injuries and damages as herein alleged.  The true names and capacities of DOES 1-10, inclusive, and each of them, are not now known to PLAINTIFFS who therefore sue said DEFENDANTS by such fictitious names, and PLAINTIFFS will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

10.    At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every DEFENDANT.

## JURISDICTION AND VENUE

11.    Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331. This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to PLAINTIFFS by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

12.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391, as all DEFENDANTS and the events giving rise to the claims herein occurred in the Central District of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

13.    Several months before January 26, 2023, ANTHONY LOWE was involved in a circumstance which led to the amputation of both of his legs. ANTHONY LOWE's legs were amputated slightly below his knees. At the time of his death, ANTHONY LOWE was only thirty-six (36) years old.

14.    On January 26, 2023 at approximately 3:00 PM, while still coping with the loss of his legs, ANTHONY LOWE was experiencing a mental health crisis. At such date and time, ANTHONY LOWE was in the City of Huntington Park. Upon information and belief, ANTHONY LOWE had an encounter with a member of the public which caused Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive,

1  to attempt to contact ANTHONY LOWE.

2      15.    Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive, were

3  well aware of ANTHONY LOWE's disability and had actual knowledge that

4  ANTHONY LOWE needed a wheelchair to mobilize.

5      16.    At approximately 3:30 PM, Defendants MUNOZ, VOLASGIS and

6  DOES 1-10, inclusive, attempted to contact ANTHONY LOWE at 1900 Slauson

7  Ave., in the City of Huntington Park, California.

8      17.    When Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive,

9  attempted to contact ANTHONY LOWE, there was no ongoing crime, there was

10  no one in danger, and ANTHONY LOWE was not an imminent threat, including

11  Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive.

12      18.    When Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive,

13  attempted to contact ANTHONY LOWE, Defendants were aware that ANTHONY

14  LOWE was in a wheelchair, having a mental health crisis, and disabled. Before

15  contacting ANTHONY LOWE, Defendants MUNOZ, VOLASGIS and DOES 1-

16  10, inclusive, did not form a tactical plan nor did they attempt to address

17  ANTHONY LOWE's disability in any way when they decided to contact him.

18      19.    When Defendants MUNOZ, VOLASGIS and DOES 1-10 approached

19  ANTHONY LOWE, ANTHONY LOWE moved away from the officers.

20      20.    One Defendant Officer grabbed the back of ANTHONY LOWE's

21  wheelchair and threw it to the side, tossing ANTHONY LOWE to the ground.

22      21.    LOWE righted himself and began to hobble away from Defendants

23  MUNOZ, VOLASGIS and DOES 1-10.

24      22.    Defendants MUNOZ, VOLASGIS and DOES 1-10 drew their

25  weapons and pointed their guns at ANTHONY LOWE.

26      23.    Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive, shot

27  their weapons at ANTHONY LOWE and struck ANTHONY LOWE eleven (11)

28  times.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*          V. James DeSimone Law
*Case No.:*          Law Office of Annee Della Donna
          Dubin Law Firm

24.     Upon information and belief, although ANTHONY LOWE had a knife in his hand, throughout the encounter LOWE was retreating and the officers were more than six feet away from LOWE when force was used.

25.     Upon information and belief, ANTHONY LOWE was not an imminent threat of death or serious bodily injury to Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive, nor any member of the public when ANTHONY LOWE was shot and killed.  The use of deadly force on ANTHONY LOWE by Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive, was not necessary to defend human life.

26.     As a result of the gunfire by Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive, ANTHONY LOWE died. However, ANTHONY LOWE suffered immensely prior to his tragic death.

27.     Defendant CITY had actual knowledge of the unfitness of Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive. Indeed, Defendant VOLASGIS was involved in the shooting death of Charley Leundeu Keunang on March 1, 2015 in Skid Row, Downtown Los Angeles. Defendant CITY hired Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive, and other officers who are not qualified to be police officers. Therefore, Defendant CITY and its police department, caused the death of ANTHONY LOWE by hiring Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive, who are incompetent and not well trained.

28.     As a direct result of the forgoing acts and omissions of Defendants, and each of them, ANTHONY LOWE endured severe mental, physical, and emotional pain and suffering up to and including his death. As a direct result of the forgoing acts and omissions of Defendants, and each of them, PLAINTIFFS suffered the loss of ANTHONY LOWE's moral and financial support, expected gifts or benefits, household services, love, companionship, comfort, care, assistance, protection, affection, society, consortium, training or guidance, as well as the costs of ANTHONY LOWE's funeral and burial expenses.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*                                        V. James DeSimone Law
Case No.:                                                                          Law Office of Annee Della Donna
                                                                                                Dubin Law Firm

29.     Furthermore, as set forth herein, Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive, acted with willful and conscious disregard for the rights and wellbeing of ANTHONY LOWE' and his family, thereby subjecting them to cruel and unjust hardship. Accordingly, the actions and omissions of Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive, were malicious and oppressive under the meaning of Cal. Civ. Code § 3294, entitling PLAINTIFF to recover punitive as well as compensatory damages in order to deter future misconduct by the example of Defendants' punishment.

30.     PLAINTIFFS timely submitted a tort claim on April 20, 2023. No action was taken within 45 days. Pursuant to Government Code Section 912.4 (c) the claim is deemed rejected by a matter of law.

## FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

**(On behalf of Plaintiff A.L. against MUNOZ, VOLASGIS, and DOES 1-10)**

31.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

32.     PLAINTIFF brings this cause of action as successor in interest to Decedent.

33.     Defendants MUNOZ, VOLASGIS, and DOES 1-10 unjustified shooting was excessive under the circumstances. Defendant's unjustified killing of ANTHONY LOWE deprived him of his right to be secure in his person against unreasonable seizure as guaranteed by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. A.L. has the right and standing to assert Mr. LOWE's claim for the violation of his Fourth Amendment Rights.

34.     Defendants MUNOZ, VOLASGIS, and DOES 1-10 use of force was both excessive and unreasonable as ANTHONY LOWE was retreating and not posing an immediate threat of serious bodily injury to the officers or others at the

8

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*                    V. James DeSimone Law
Case No.:                                                          Law Office of Annee Della Donna
                                                                   Dubin Law Firm

1  time of the application of lethal force.

2      35.    Defendants MUNOZ, VOLASGIS, and DOES 1-10's unlawful use of

3  excessive force caused ANTHONY LOWE to suffer extreme pain and suffering,

4  loss of enjoyment of life, earning capacity, his relationship with his family and

5  friends, and his untimely death when he was improperly restrained and fatally shot

6  by Defendants MUNOZ, VOLASGIS, and DOES 1-10 who were acting under the

7  color of law and as employees of the Huntington Park PD. Defendants MUNOZ,

8  VOLASGIS, and DOES 1-10 participated in or failed to intervene in the fatal

9  application of force.

10     36.    Defendants MUNOZ, VOLASGIS, and DOES 1-10's use of force

11  violated their training, Post requirements and California and Federal law.

12     37.    As a direct and legal result of the aforesaid acts and omissions of

13  DEFENDANTS, and each of them, ANTHONY LOWE was deprived of his liberty

14  and life without warrant or justification.

15     38.    As a result of their conduct, DEFENDANTS are liable for ANTHONY

16  LOWE's injuries either because they were integral participants in the excessive use

17  of force, or because they failed to intervene to prevent those violations.

18     39.    As a direct and legal result of the aforesaid acts and omissions of

19  DEFENDANTS, and each of them, PLAINTIFF suffered damages, including,

20  without limitation, loss of enjoyment of life, pain and suffering, physical injuries

21  and sickness,  medical expenses, funeral and burial expenses, attorneys' fees, costs

22  of suit, other pecuniary losses not yet ascertained and the continued loss of Mr.

23  LOWE's love, affection, society, support, guidance, and companionship for the

24  remainder of their lives.

25     40.    Plaintiff seeks loss of life damages, survivor damages, and pre-death

26  pain and suffering damages for violation of Decedent's rights. *Chaudhry v. City of*

27  *Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014)(holding that California's

28  prohibition against pre-death pain and suffering damages limits recovery too

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*                        V. James DeSimone Law
Case No.:                                              Law Office of Annee Della Donna
                                                            Dubin Law Firm

severely to be consistent with § 1983's deterrence policy and approving of the reasoning that "[I]f Section 1983 did not allow recovery for loss of life notwithstanding inhospitable state law, deterrence would be further subverted since it would be more advantageous to the unlawful actor to kill rather than injure."); *Guyton v. Phillips*, 532 F. Supp. 1154, 1167 (N.D. Cal. 1981), disapproved of on other grounds by *Peraza v. Delameter*, 722 F.2d 1455 (9th Cir. 1984) ("A remedy must obtain by reason of the actual deprivation-in this case the greatest of deprivations, loss of life. Absent such a remedy, the 1983 action amounts to little more than a tort claim.")

41.    PLAINTIFF is informed and believe and thereon allege that the acts of the individual DEFENDANTS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress PLAINTIFF with a conscious disregard of PLAINTIFFS' health and safety and constitutional rights and by reason thereof, PLAINTIFFS seek punitive and exemplary damages from all DEFENDANTS, and each of them, (except DEFENDANT CITY) in an amount as proved.

42.    PLAINTIFF brings this claim as the daughter of LOWE and successor in interest and seeks attorneys' fees under this claim.

///

///

///

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*
Case No.:

V. James DeSimone Law
Law Office of Annee Della Donna
Dubin Law Firm

## SECOND CAUSE OF ACTION

**Deprivation of Life Without Due Process- Interference with Parent-Child Relationship-(42 U.S.C. § 1983)**

**(On Behalf of All Plaintiffs Against MUNOZ, VOLASGIS, and DOES 1-10)**

43.    PLAINTIFFS repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

44.    PLAINTIFF DOROTHY LOWE brings this cause of action in her individual capacity.

45.    PLAINTIFF A.L. bring this claim in her individual capacity and as successor in interest.

46.    DEFENDANTS MUNOZ, VOLGASGIS and DOES 1-10 acted under color of state law within the course and scope of their duties as Huntington Park Officers when they wrongfully killed Mr. LOWE who posed no imminent threat of danger to DEFENDANTS or anyone else.  Mr. LOWE posed no imminent threat when Huntington Park Officers unjustifiably used excessive force when they improperly restrained him and utilized deadly force resulting in his death.

47.    PLAINTIFFS have a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendments of the United States Constitution to be free from state actions that deprive them of life, liberty or property in such a manner as to shock the conscience or act with deliberate indifference, including but not limited to, utilizing unjustified deadly force on ANTHONY LOWE causing an unwarranted state interference in their relationship with Mr. LOWE.

48.    By wrongfully killing Mr. LOWE by lethal application of force DEFENDANTS deprived PLAINTIFF DOROTHY LOWE of her Fourteenth Amendment right to a familial relationship with Mr. LOWE. DEFENDANTS acted with deliberate indifference to the rights of decedent and PLAINTIFF DOROTHY LOWE and/or their unlawful conduct shocks the conscience.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*                    V. James DeSimone Law
Case No.:                                   Law Office of Annee Della Donna
                                                        Dubin Law Firm

49.     As a result of the excessive force by MUNOZ, VOLGASGIS and DOES 1-10 and acting under color of state law, DEFENDANTS' actions caused Mr. LOWE extreme pain and suffering, loss of life, earning capacity and his relationship with his family, and friends. PLAINTIFFS have thereby been deprived of their constitutional right of a familial relationship with Mr. LOWE for the rest of their lives.

50.     DEFENDANTS OFFICER MUNOZ, VOLGASGIS and DOES 1-10 actions shock the conscience because they had time to deliberate and acted with deliberate indifference to PLAINTIFFS' constitutional rights and acted with the purpose to harm unrelated to any legitimate law enforcement objective.

51.     As a legal result of their conduct, DEFENDANTS are liable for Mr. LOWE's injuries, either because they were integral participants in the deprivation of life without due process, or they failed to intervene to prevent those violations.

52.     As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. LOWE's love, affection, society, support, and companionship.

53.     Defendants' interference with the parent-child relationship caused PLAINTIFFS extreme pain and suffering. Defendants' actions deprived PLAINTIFF DOROTHY LOWE of the love, companionship, support, society, care, and sustenance of her son, and she will continue to be so deprived for the remainder of her life. Defendants' actions deprived PLAINTIFF A.L. of the love, companionship, support, society, care, and sustenance of her father, and she will continue to be so deprived for the remainder of her life.

54.     As a direct and legal result of Defendants' acts and omissions, Plaintiffs DOROTHY LOWE and A.L. suffered damages, including, without

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*          V. James DeSimone Law
Case No.:          Law Office of Annee Della Donna
          Dubin Law Firm

limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, the loss of LOWE's love, affection, society, support, and companionship.

55.    PLAINTIFF A.L. seeks loss of life damages, survivor damages, and pre-death pain and suffering damages for violation of Decedent's rights. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014)(holding that California's prohibition against pre-death pain and suffering damages limits recovery too severely to be consistent with § 1983's deterrence policy and approving of the reasoning that "[I]f Section 1983 did not allow recovery for loss of life notwithstanding inhospitable state law, deterrence would be further subverted since it would be more advantageous to the unlawful actor to kill rather than injure."); *Guyton v. Phillips*, 532 F. Supp. 1154, 1167 (N.D. Cal. 1981), *disapproved of on other grounds by Peraza v. Delameter,* 722 F.2d 1455 (9th Cir. 1984) ("A remedy must obtain by reason of the actual deprivation-in this case the greatest of deprivations, loss of life. Absent such a remedy, the s 1983 action amounts to little more than a tort claim.")

56.    PLAINTIFFS are informed and believe and thereon allege that the acts of the individual DEFENDANTS were willful, wanton, malicious, intentional, oppressive and done with willful and conscious disregard of PLAINTIFFS' rights, welfare and safety of those of Mr. LOWE, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

///

///

///

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*                    V. James DeSimone Law
Case No.:                                                         Law Office of Annee Della Donna
                                                                 Dubin Law Firm

**THIRD CAUSE OF ACTION**

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983) (On Behalf of All Plaintiffs Against the CITY OF HUNTINGTON PARK and DOES 1-10)**

57.    PLAINTIFFS repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

58.    PLAINTIFF DOROTHY LOWE brings this cause of action in her individual capacity.

59.    PLAINTIFF A.L. brings this claim in her individual capacity and as successor in interest.

60.    The underlying acts which deprived Plaintiffs of their particular rights under the United States Constitution, as alleged in paragraphs above are incorporated herein by reference.

61.    Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and by ratifying the unconstitutional actions of the DEFENDANTS MUNOZ, VOLGASGIS and DOES 1-10 officers' actions and/or maintaining a policy or custom that is the "moving force" behind the unconstitutional deprivations alleged below, on and for some time prior to January 26, 2023 (and continuing to the present date), DEFENDANTS CITY, DEFENDANTS MUNOZ, VOLGASGIS and DOES 1-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFFS and Mr. LOWE, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a.    Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of excessive force;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*          V. James DeSimone Law
Case No.:          Law Office of Annee Della Donna
          Dubin Law Firm

b. Employing and retaining as police officers and other personnel, including DEFENDANTS MUNOZ, VOLGASGIS and DOES 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Huntington Park PD policies, including the use of excessive force;

c. Of inadequately supervising, training, controlling, assigning, and disciplining CITY police officers and other personnel, including DEFENDANTS MUNOZ, VOLGASGIS and DOES 1-10, all of whom knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

d. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by CITY of Huntington Park Police officers, including DEFENDANTS MUNOZ, VOLGASGIS and DOES 1-10who are police officers and/or agents of CITY;

e. By failing to meaningfully investigate and adequately discipline DEFENDANTS MUNOZ, VOLGASGIS and DOES 1-10 and/or other HPPD officers, including but not limited to, lethal application of force and excessive force;

f. By ratifying the intentional misconduct of DEFENDANTS MUNOZ, VOLGASGIS and DOES 1-10, and other officers and/ or agents, who are officers and/or agents of CITY;

g. By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of CITY and DOES 1-5 were maintained with a deliberate indifference to individuals'

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*A.L. et al. V. City of Huntington Park e al.*                    V. James DeSimone Law
Case No.:                                                         Law Office of Annee Della Donna
                                                                  Dubin Law Firm

1 safety and rights;

2 h. By failing to properly investigate claims of unlawful and lethal application

3 of force and excessive force by CITY officers; and other HPPD officers; and

4 i. Condonation and encouragement of officers in the belief that they can violate

5 the rights of persons such as Mr. LOWE with impunity, and that such conduct

6 will not adversely affect their opportunities for promotion and other

7 employment benefits.

8 62. By reason of the aforementioned policies and practices of

9 DEFENDANTS, CITY, DEFENDANTS MUNOZ, VOLGASGIS and DOES 1-10,

10 Mr. LOWE was severely injured and subjected to pain and suffering and lost his

11 life.

12 63. DEFENDANTS CITY and DOES 1-10, together with various other

13 officials, whether named or unnamed, had either actual or constructive knowledge

14 of the deficient policies, practices and customs alleged in the paragraphs above.

15 Despite having knowledge as stated above, these DEFENDANTS condoned,

16 tolerated and through actions and inactions thereby ratified such policies. Said

17 DEFENDANTS also acted with deliberate indifference to the foreseeable effects

18 and consequences of these policies with respect to the constitutional rights of Mr.

19 LOWE, PLAINTIFFS, and other individuals similarly situated.

20 64. By perpetrating, sanctioning, tolerating and ratifying the outrageous

21 conduct and other wrongful acts, DEFENDANTS CITY, and DOES 1-10 acted with

22 intentional, reckless, and callous disregard for the life of Mr. LOWE and for Mr.

23 LOWE's and PLAINTIFFS' constitutional rights. Furthermore, the policies,

24 practices, and customs implemented, maintained, and still tolerated by

25 DEFENDANTS CITY and DOES 1-10 were affirmatively linked to and were a

26 significantly influential force behind the injuries of Mr. LOWE and PLAINTIFFS.

27 65. By reason of the aforementioned acts and omissions of

28 DEFENDANTS CITY and DOES 1-10, PLAINTIFFS have suffered loss of love,

1   companionship, affection, comfort, care, society, and they will continue to be so

2   deprived for the remainder of their lives.

3         66.     Defendants' interference with the parent-child relationship caused

4   Plaintiff's extreme pain and suffering. Defendants' actions deprived DOROTHY

5   LOWE of the love, companionship, support, society, care, and sustenance of her

6   son, and she will continue to be so deprived for the remainder of her life.

7   Defendants' actions deprived Plaintiff A.L. of the love, companionship, support,

8   society, care, and sustenance of his mother, and he will continue to be so deprived

9   for the remainder of his life.

10         67.     As a direct and legal result of Defendants' acts and omissions,

11   Plaintiffs DOROTHY LOWE and A.L. suffered damages, including, without

12   limitation, loss of enjoyment of life, pain and suffering, physical injuries and

13   sickness, emotional distress, the loss of LOWE's love, affection, society, support,

14   and companionship.

15         68.     PLAINTIFF A.L. seek loss of life damages, survivor damages, and

16   pre-death pain and suffering damages for violation of Decedent's rights. *Chaudhry*

17   *v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014)(holding that California's

18   prohibition against pre-death pain and suffering damages limits recovery too

19   severely to be consistent with § 1983's deterrence policy and approving of the

20   reasoning that "[I]f Section 1983 did not allow recovery for loss of life

21   notwithstanding inhospitable state law, deterrence would be further subverted since

22   it would be more advantageous to the unlawful actor to kill rather than injure.");

23   *Guyton v. Phillips*, 532 F. Supp. 1154, 1167 (N.D. Cal. 1981), *disapproved of on*

24   *other grounds by Peraza v. Delameter,* 722 F.2d 1455 (9th Cir. 1984) ("A remedy

25   must obtain by reason of the actual deprivation-in this case the greatest of

26   deprivations, loss of life. Absent such a remedy, the s 1983 action amounts to little

27   more than a tort claim.")

28   ///

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*            V. James DeSimone Law
Case No.:                             Law Office of Annee Della Donna
                                     Dubin Law Firm

69.     Accordingly, CITY and DOES 1-10 each are liable to PLAINTIFFS for compensatory damages under 42 U.S.C. § 1983.

70.     PLAINTIFFS also seek attorney fees under this claim.

### FOURTH CAUSE OF ACTION

**Wrongful Death (Cal. Civ. Proc. Code § 377.60)**

**(On Behalf of Plaintiff A.L.)**

**(Against all Defendants)**

71.     PLAINTIFF repeats and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

72.     DEFENDANTS MUNOZ, VOLGASGIS and DOES 1-10, killed Mr. LOWE despite the absence of an imminent threat of death or physical injury to themselves or others. Mr. LOWE posed no imminent threat to the officer's safety or to the safety of others at the time force was used. Mr. LOWE died intestate and unmarried. PLAINTFF A.L. as Mr. LOWE's daughter, through their Guardian Ad Litem, is the proper persons to sue for his wrongful death under California state law.

73.     PLAINTIFFS A.L. asserts a wrongful death action against all DEFENDANTS pursuant to C.C.P. §§ 377.60 *et seq.* Per California Probate Code Section 6402 (b), PLAINTIFFS are, "… The issue of the decedent…" This claim is based upon the fact that DEFENDANTS' negligent, reckless and wrongful acts and omissions, as alleged herein, were a direct and legal cause of Mr. LOWE's death and the resulting damages to PLAINTIFF A.L. As a result of their conduct, DEFENDANTS are liable for PLAINTIFFS A.L.'s injuries, either because they were integral participants in the wrongful conduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

74.     The civil rights violations alleged herein, as well as DEFENDANTS' other tortious acts and omissions, and negligence under California Civil Code

18

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*                                          V. James DeSimone Law
Case No.:                                                                                                       Law Office of Annee Della Donna
                                                                                                                            Dubin Law Firm

1  Section 1714 form the basis for this cause of action.

2      75.    The present cause of action is brought pursuant to Cal. Gov. Code §§

3  815.2 and 820. Under Section 820, as public employees, the individual defendants,

4  MUNOZ, VOLASGIS and DOES 1-10, inclusive, inclusive, are liable for injuries

5  caused by their acts or omissions to the same extent as private persons.

6      76.    PLAINTIFF A.L. is informed and believes and thereon allege that the

7  acts of the individual DEFENDANTS were willful, malicious, intentional,

8  oppressive, reckless and/or were done in willful and conscious disregard of

9  PLAINTIFF's rights, welfare and safety and those of her father, justifying the

10  awarding of punitive and exemplary damages in an amount to be determined at time

11  of trial.

12      77.    As a direct and legal result of DEFENDANTS' acts and omissions,

13  PLAINTIFF suffered damages, including, without limitation, loss of earnings and

14  earning capacity, support and benefits, loss of enjoyment of life, pain and suffering,

15  physical injuries and sickness, medical expenses, funeral and burial expenses,

16  attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss

17  of Mr. LOWE's support, love, affection, society, guidance, services, and

18  companionship.

19      78.    PLAINTIFF A.L. seeks wrongful death damages and all other

20  damages and remedies available under state law.

21  ///

22  ///

23  ///

24

25

26

27

28

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*                    V. James DeSimone Law
Case No.:                                                        Law Office of Annee Della Donna
                                                                Dubin Law Firm

# FIFTH CAUSE OF ACTION

## Assault and Battery

### (On Behalf of Plaintiff A.L. against all Defendants)

79.     PLAINTIFF repeats and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

80.     Plaintiff A.L. bring this claim in her individual capacity and as successors in interest.

81.     DEFENDANTS MUNOZ, VOLGASGIS and DOES 1-10, and acting within the course and scope of their duties as Huntington Park Police Officers, intentionally used unreasonable force against Mr. LOWE, including but not limited to, shooting Mr. LOWE eleven times.  DEFENDANTS had no legal justification for using excessive force against Mr. LOWE as this use of force was unnecessary and unreasonable.

82.     DEFENDANTS' assault and battery caused Mr. LOWE extreme pain and suffering, and loss of life and earning capacity.  DEFENDANTS' actions also deprived PLAINTIFF of the life-long love, companionship, support, society, care and she will continue to be so deprived for the remainder of her life.

83.     The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820, as public employees, the individual defendants, MUNOZ, VOLASGIS and DOES 1-10, inclusive, inclusive, are liable for injuries caused by their acts or omissions to the same extent as private persons.

84.     As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFF suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. LOWE's love, affection, society, support and companionship.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*                                         V. James DeSimone Law
Case No.:                                                                              Law Office of Annee Della Donna
                                                                                       Dubin Law Firm

85.    PLAINTIFF is informed and believes and thereon allege that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Mr. LOWE, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

86.    As a result of their conduct, DEFENDANTS are liable for Mr. LOWE's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

87.    PLAINTIFF bring this claim as successors-in-interest to Mr. LOWE and seeks both survival and wrongful death damages under state law.

## SIXTH CAUSE OF ACTION

### Negligence

### (On Behalf of Plaintiff A.L. against all Defendants)

88.    PLAINTIFF repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

89.    PLAINTIFF A.L. brings this claim in her individual capacity and as successor in interest.

90.    DEFENDANTS owed a duty of care toward Mr. LOWE and were required to use reasonable diligence to ensure that Mr. LOWE was not harmed by DEFENDANTS' acts or omissions. DEFENDANTS' actions and omissions were negligent and reckless, including but not limited to:

   a. the negligent tactics and handling of the situation with Mr. LOWE, including but not limited to the manner of approaching LOWE and knocking him out of his wheelchair;

   b. the negligent tactics resulting in escalating the situation and lack of planning regarding Mr. LOWE's mental and physical disability;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

c.  the failure to properly train, supervise and discipline employees, including the individual DEFENDANTS;

d.  the failure to provide timely medical assistance to Mr. LOWE; and;

e.  the negligent hiring, retention and assignment of its employees, including the individual DEFENDANTS.

f.  the tactical conduct and decisions before using force on Mr. LOWE

91.    DEFENDANTS' conduct caused Mr. LOWE, without limitation, extreme pain and suffering, and loss of life, enjoyment of life and earning capacity. DEFENDANTS' actions also deprived PLAINTIFFS of the life-long love, companionship, support, society, care, and sustenance of her father and she will continue to be so deprived for the remainder of her life.

92.    In addition, at the aforementioned date, time and place, the DEFENDANTS negligently, carelessly and without reasonable care, caused Mr. LOWE to be touched and fatally battered Mr. LOWE.

93.    As a result of their conduct, DEFENDANTS are liable for Mr. LOWE's injuries because they were integral participants in the negligence, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

94.    The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820, as public employees, the individual defendants, MUNOZ, VOLASGIS and DOES 1-10, inclusive, inclusive, are liable for injuries caused by their acts or omissions to the same extent as private persons.

95.    PLAINTIFF A.L. brings this claim as successor-in-interest and in her individual capacity to Mr. LOWE and seeks both survival and wrongful death damages under state law.

///

///

///

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*                    V. James DeSimone Law
Case No.:                    Law Office of Annee Della Donna
                    Dubin Law Firm

### SEVENTH CAUSE OF ACTION

**Violation of Bane Act (Cal. Civil Code § 52.1)**

**(On Behalf of Plaintiff A.L. against all Defendants)**

96.    PLAINTIFF repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

97.    Plaintiff A.L.  brings this claim in her capacity as successor in interest.

98.    As alleged herein, DEFENDANTs interfered by threats, intimidation, coercion, or violence with Mr. LOWE's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under Civil Code Section 43, Penal Code Sections 149, 240 and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

99.    DEFENDANTS' conduct caused Mr. LOWE extreme pain and suffering, and loss of life, earning capacity and his relationship with his parents, friends and family.  DEFENDANTS' actions also deprived PLAINTIFFS of their life-long love, companionship, support, society, care, and they will continue to be so deprived for the remainder of their lives.

100.    As a result of their conduct, DEFENDANTS are liable for Mr. LOWE's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

101.    The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820, as public employees, the individual defendants, MUNOZ, VOLASGIS and DOES 1-10, inclusive, inclusive, are liable for injuries caused by their acts or omissions to the same extent as private persons.

PLAINTIFFS' COMPLAINT FOR DAMAGES

*A.L. et al. V. City of Huntington Park e al.*                    V. James DeSimone Law
Case No.:                                                    Law Office of Annee Della Donna
                                                                          Dubin Law Firm

102.    As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFF suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. LOWE's support, love, affection, society, guidance, services, and companionship.

103.    PLAINTIFF is informed and believe and thereon allege that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of PLAINTIFFS, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

104.    PLAINTIFF brings this claim as successor-in-interest to Mr. LOWE and seeks both survival damages under state law. PLAINTIFF also seeks reasonable attorneys' fees under this claim.

## EIGHTH CAUSE OF ACTION

### Failure to Furnish/ Summon Medical Care (Cal. Civil Code § 52.1)

### (On Behalf of Plaintiff A.L. against all Defendants)

105.    PLAINTIFF realleges and incorporates by reference each of the forgoing and subsequent paragraphs of this Complaint with the same force and effect as if fully set forth herein.

106.    The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820, as public employees, the individual defendants, MUNOZ, VOLASGIS and DOES 1-10, inclusive, inclusive, are liable for injuries caused by their acts or omissions to the same extent as private persons.

107.    This cause of action is also brought pursuant to Cal. Gov. Code §§ 844.6 and 845.6. Furthermore, Under Section 815.2, the defendant public entity, CITY OF HUNTINGTON PARK, is vicariously liable for injuries caused by the

1   acts or omissions of its employees, officers, and agents, committed within the

2   course and scope of that employment. This cause of action is not alleging direct

3   liability against Defendant CITY, only vicarious liability. See Cal. Gov. Code §

4   815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

5       108.    Defendants MUNOZ, VOLASGIS and DOES 1-10, inclusive, and

6   each of them, owed ANTHONY LOWE a duty to furnish prompt and adequate

7   medical care, as they knew to be necessary for reasons previously set forth.

8       109.    As alleged herein, Defendants MUNOZ, VOLASGIS and DOES 1-10,

9   inclusive, failed to take reasonable action to summon or furnish emergency medical

10  services despite ANTHONY LOWE's clear need for such aid, thereby causing his

11  death in violation of California law, namely Cal. Gov. Code §§ 844.6 and 845.6,

12  and for which Defendant CITY is vicariously liable.

13      110.    After shooting ANTHONY LOWE with deadly force, thereby causing

14  life-threatening injuries to his vital organs, Defendants MUNOZ, VOLASGIS and

15  DOES 1-10, inclusive, failed to summon any medical aid for ANTHONY LOWE

16  whatsoever. ANTHONY LOWE was left by Defendants to bleed out on the ground

17  in pain for several minutes before they rolled him over and placed him in handcuffs,

18  only to further ignore his expressions of pain and pleas for help.

19      111.    The conduct of Defendants MUNOZ, VOLASGIS and DOES 1-10,

20  inclusive, inclusive, was committed within the course and scope of their

21  employment by the CITY, under color of law.

22      112.    But for the complete and total neglect of ANTHONY LOWE by

23  Defendants, ANTHONY LOWE could have survived his injuries. Accordingly, as

24  a direct and proximate result of the referenced breach(es) by MUNOZ, VOLASGIS

25  and DOES 1-10, inclusive, inclusive, ANTHONY LOWE suffered injuries causing

26  him severe mental, physical, and emotional distress and anguish from which he

27  would ultimately die, and for which his successor in interest is entitled to

28  compensation.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*                    V. James DeSimone Law
Case No.:                                            Law Office of Annee Della Donna
                                                              Dubin Law Firm

1       113.    Furthermore, Defendants MUNOZ, VOLASGIS and DOES 1-10,

2   inclusive, acted with willful and conscious disregard for the rights and wellbeing of

3   ANTHONY LOWE and his family, thereby subjecting them to cruel and unjust

4   hardship. Accordingly, the actions and omissions of Defendants MUNOZ,

5   VOLASGIS and DOES 1-10, inclusive, were malicious and oppressive under the

6   meaning of Cal. Civ. Code § 3294, entitling the recovery of punitive as well as

7   compensatory damages for the aforementioned harms.

8   ///

9   ///

10  ///

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' COMPLAINT FOR DAMAGES**
*A.L. et al. V. City of Huntington Park e al.*        V. James DeSimone Law
Case No.:        Law Office of Annee Della Donna
        Dubin Law Firm

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS and each of them, as follows:

AS TO EACH OF THE ACTIONS AS APPLICABLE:

1. For General Damages according to proof;

2. For Special Damages according to proof;

3. For punitive Damages as provided by law, in an amount to be proved against each individual DEFENDANT (not including CITY)

4. For Attorneys' Fees and costs of suit;

5. For such other and further relief as the Court may deem proper.

6.   For such other and further relief as the Court may deem just, proper, and appropriate.

Date: January 8, 2024

V. JAMES DESIMONE LAW
LAW OFFICE OF ANNEE DELLA DONNA
DUBIN LAW FIRM

By: _____

V. JAMES DESIMONE, ESQ.
RYANN E. HALL, ESQ.
ANNE DELLA DONNA, ESQ.
ERIC DUBIN, ESQ.

Attorneys for PLAINTIFFS,

A. L. by and through her guardian ad litem MYISSHA LOWE, and DOROTHY LOWE

PLAINTIFFS' COMPLAINT FOR DAMAGES

*A.L. et al. V. City of Huntington Park e al.*
Case No.:

V. James DeSimone Law
Law Office of Annee Della Donna
Dubin Law Firm

1

## <u>DEMAND FOR JURY TRIAL</u>

2    PLAINTIFF hereby demands a trial by jury.

3

4    Date: January 8, 2024                 **V. JAMES DESIMONE LAW**

5                                          **LAW OFFICE OF ANNEE**
                                           **DELLA DONNA**
6                                          **DUBIN LAW FIRM**

7

8                                          By:_____

9                                              V. JAMES DESIMONE, ESQ.

10                                             RYANN E. HALL, ESQ.
                                               ANNE DELLA DONNA, ESQ.
11                                             ERIC DUBIN, ESQ.

12                                             Attorneys for PLAINTIFFS,

13

14                                             A. L. by and through her
                                               guardian ad litem MYISSHA
15                                             LOWE, and DOROTHY
                                               LOWE
16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*A.L. et al. V. City of Huntington Park e al.*                          V. James DeSimone Law
Case No.:                                                       Law Office of Annee Della Donna
                                                                              Dubin Law Firm